```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**BILLY HILL,**

           **Petitioner,**

      v.                      CASE NO. 10-3006-SAC

**ROGER WERHOLTZ,**
**et al.,**

           **Respondents.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Mr. Hill has paid the filing fee.

## BACKGROUND FACTS AND CLAIMS

Mr. Hill was convicted upon his pleas of no contest in the District Court of Osage County, Lyndon, Kansas, of premeditated murder, conspiracy to commit first-degree murder, criminal possession of a firearm, and six drug-related charges. He was sentenced on March 13, 2000, to a "controlling term of life without parole for 25 years." He did not directly appeal.

On June 28, 2004, Mr. Hill filed a petition pursuant to K.S.A. 60-1507, which was denied. He appealed this decision to the Kansas Court of Appeals (KCOA), which affirmed. His Petition for Review was denied by the Kansas Supreme Court on November 8, 2006 (Kansas Appellate Courts Number 94274).

On January 3, 2008, he filed a Motion to Withdraw Plea, claiming manifest injustice due to "conflict of interest of his trial counsel." This motion was denied on May 16, 2008. He

appealed to the KCOA, which affirmed; and his Petition for Review was denied on November 12, 2009 (Kansas Appellate Court Number 100659).

As Ground 1 in his Petition, Mr. Hill claims he was denied effective assistance of counsel due to an alleged conflict of interest on the part of his counsel and that counsel provided him with erroneous advice[1]. He further claims that this allowed the prosecutor to coerce him into entering a plea; that his plea was not knowingly, voluntarily, or intelligently made; and that, absent the erroneous advice, he would have insisted on going to trial to prove his innocence. He thus asserts a complete miscarriage of justice. Mr. Hill alleges that Ground 1 was raised in both his state post-conviction actions.

As Ground 2, petitioner again refers to "the conflict of interest involving his counsel," asserts a "complete miscarriage of justice, and claims that as a matter of "basic human instinct" he pled "to charges he is innocent of to protect his daughter." He alleges that Ground 2 was also raised in both his state post-conviction actions.

Mr. Hill acknowledges in his Petition that he filed a prior federal habeas corpus action pursuant to § 2254 in this court, <u>Hill v. Roberts</u>, Case No. 07-3084-SAC, which challenged the same state

---

[1] In petitioner's answer to the question on timeliness later in his Petition, he indicates the "new evidence" and "erroneous advice" referred to in his claims, involve his counsel allegedly advising him that "if he withdrew his plea, charges could be refiled on his daughter." He further alleges that "four years later he received evidence his daughter's charges were dismissed for her innocence and not his plea, as he was led to believe," and that this evidence was "withheld" from him "by the prosecutor and his counsel." He also claims actual innocence. However, he does not describe any actual evidence establishing his innocence.

The opinions attached to the Petition show that petitioner's claim of a conflict of interest in state court was based upon his attorney's failure to advance a speedier trial date due to other cases scheduled for trial.

2

convictions[2]. His prior petition was dismissed as time-barred on June 6, 2007. Petitioner argues that this second federal Petition should not be dismissed as time-barred for several reasons, including the alleged "new evidence" and "miscarriage of justice" that resulted from his having received erroneous advice. As noted, he also claims actual innocence.

**SECOND AND SUCCESSIVE PETITION**

28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 and further provides that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Section 2244(b) provides in relevant part:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review, by the Supreme Court, that was previously available; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven

---

[2] He alleges that in his earlier petition he raised claims of denial of speedy trial and that his plea was not supported by a sufficient factual basis.

3

> and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second and successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244. If a petition is successive, the "district court lack(s) jurisdiction even to deny it" when a petitioner "did not seek or obtain appellate-court authorization under § 2244(b)." See Heckard v. Tafoya, 214 Fed.Appx. 817, 820 (10th Cir.), cert. denied, 551 U.S. 1152 (2007).

The instant Petition is clearly a second and successive application by Mr. Hill for habeas corpus relief under § 2254. There is no indication in the materials filed that he has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit. Under ordinary circumstances, this court would transfer this Petition to the Court of Appeals for its determination as to whether or not authorization should be granted for this matter to proceed. However, because his prior petition was dismissed as time-barred, the court finds the interest of justice would not be served by the transfer of this action to the Circuit Court and declines to exercise its discretion to transfer. In re Cline, 531 F.3d 1249, (10th Cir. 2008).

**IT IS THEREFORE ORDERED** that this action is dismissed for lack of jurisdiction because the instant Petition is second and successive, and preauthorization for filing was not obtained from

4

the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge